UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS HEALTH & WELFARE FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND, and TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS MONEY PURCHASE PLAN, <br>     Plaintiffs, <br><br> v. <br><br> TGB UNLIMITED INC. d/b/a S & T BANCROFT ELECTRIC, <br>     Defendant. | CAUSE NO.: 2:13-CV-199-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiffs' Motion for Summary Judgment [DE 18], filed by Plaintiffs September 25, 2014. On November 6, 2014, Defendant filed a response and on December 4, 2014, Plaintiffs filed a reply. On January 22, 2015, Defendant filed a sur-reply.

**PROCEDURAL BACKGROUND**

On June 7, 2013, Plaintiffs filed a Complaint under the Employment Retirement Income Security Act ("ERISA") to compel Defendant to cooperate with a payroll audit and to obtain any unpaid fund contributions revealed by the audit. On July 22, 2014, at a telephonic status conference, the parties informed the Court an audit had been performed but the matter of attorney fees had not been resolved. On September 25, 2014, Plaintiffs filed the instant Motion for Summary Judgment seeking attorney fees related to obtaining Defendant's cooperation with the audit.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

# SUMMARY JUDGEMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

**FACTS**

Defendant TGB Unlimited, Inc., d/b/a S & T Bancroft Electric is an Indiana corporation party to a Collective Bargaining Agreement ("CBA") with IBEW Local 153 and to an Assent of Participation Agreement, which is itself part of the Revised Agreement and Declaration of Trust establishing the Michiana Area Electrical Workers Pension Fund. Plaintiffs are Trustees of the pension fund and related funds to which Defendant is required to make contributions.

In March 2013, the Plaintiffs sent a request to Defendant for an audit of Defendant's payroll records, pursuant to the CBA and ERISA. After back and forth between the parties, Plaintiffs filed suit June 7, 2013. The payroll audit was conducted on January 14, 2014. After the auditor sent his report to Defendant, Defendant provided documentation indicating it had made some of the dispute payments. The correction resulted in a revised report on July 9, 2014, showing that Defendant owed $118.54, including interest. Defendant paid the full amount, leaving only the issue of attorney fees and costs claimed by Plaintiffs in the amount of $5,702.47.

## ANALYSIS

Plaintiffs brought this action under 29 U.S.C. § 1132, which governs civil enforcement of ERISA, and Plaintiffs now request attorney fees. Section 1132(g) governs the award of attorney fees and costs:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 [Delinquent contributions] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan– . . .
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant,

29 U.S.C. § 1132(g)(1), (g)(2)(D).

In the instant Motion, Plaintiffs argue that they are entitled to attorney fees under the mandatory attorney fee provision in ERISA, Section 1132(g)(2)(D). Defendant argues that Plaintiffs are not entitled to attorney fees because there was actually no contribution delinquency and there is no judgment favor of the Plaintiffs. It also argues, in the alternate, that the attorney fees and costs requested by Plaintiffs are unreasonable. In their reply, Plaintiffs argue that the requirements for the mandatory attorney fee provision in Section 1132(g)(2)(D) are satisfied in this case and that Plaintiffs also meet the discretionary fee standard in 1132(g)(1). In the sur-reply, Defendant argues that Plaintiffs are entitled, if at all, only to fees under the mandatory fee provision and that Plaintiffs do not meet the standards for the award of discretionary attorney fees.

### A. Section 1132(g)(2)(D) Mandatory Attorney Fee Provision

Plaintiffs argue that they are entitled to attorney fees because Defendant paid a $118.54 delinquency after Plaintiffs brought this lawsuit under Section 1145 of ERISA to compel Defendant to participate in an audit and pay any contribution delinquency owned to Plaintiffs. Defendant argues that there was no actual delinquency and no judgment entered in favor of the plan. Defendant also argues, in the alternative, that the attorney fees and costs requested by Plaintiffs are unreasonable.

ERISA's mandatory fee provision, Section 1132(g)(2)(D), provides that in an action for delinquent contributions "in which a judgment in favor of the plan is awarded" a court "*shall*" award "reasonable attorney's fees and costs." 29 U.S.C. § 1132(g)(2)(D) (emphasis added). The parties agree that this is a case brought under ERISA Section 1145 for delinquent contributions, but disagree on whether there was any contribution delinquency or judgment in favor of the Plaintiffs. After conducting an audit, Plaintiffs found a deficiency in contributions owed to Plaintiffs of $118.54, which Defendant paid. Defendant, argues that it was not delinquent, but that it had overpaid its contributions by submitting payment to a different pension fund and was not properly credited for the payment. Although it now argues there was no actual delinquency, Defendant does not dispute that it paid $118.54 as billed by Plaintiffs for delinquent contributions. In fact, the bill was a revised bill: after Defendant challenged the initial bill as not properly crediting certain payments Plaintiffs' auditor revised the bill to reflect Defendant's evidence of payments.

Even where a defendant has paid a contribution it contends was not actually delinquent and makes the payment without admitting liability, courts have concluded that does not create a question of whether or not there were delinquent contributions recovered. *See, e.g.*, *Chicago Reg'l Council*

5

*of Carpenters Pension Fund v. Second Generation*, No. 08 C 6088, 2011 WL 1584991 (N.D. Ill. Apr. 25, 2011) (finding that delinquent contributions were recovered where "[d]efendant instructed its payroll company to pay the contribution without admitting liability."). The Court does not need to examine whether there was an actual delinquency, as Defendant argues, because Defendant has paid the full amount identified by Plaintiff as the amount of delinquent contributions. Accordingly, Plaintiffs have recovered a delinquent contribution from Defendant.

Defendant also argues that since it paid the amount in question, no judgment has been entered in favor of the plan. However, as the Court of Appeals for the Seventh Circuit has held, "When a trustee of an ERISA benefit plan *prevails* in an action to recover delinquent contributions, the district court is required to award 'reasonable attorneys fees.'" *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (emphasis added) (citing 29 U.S.C. § 1132(g)(2)(D)); *see also Moriarty v. Svec*, 233 F.3d 955, 963 (7th Cir. 2000) ("ERISA provides for a mandatory award of reasonable attorney's fees when a plan fiduciary prevails in an action to collect delinquent contributions.") Accordingly, Plaintiffs have prevailed recovering delinquent contributions, even if a court did not enter a judgment, and are entitled to reasonable attorney fees. *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) ("If the defendant, under the pressure of the lawsuit, pays over a money claim before the judicial judgment is pronounced, the plaintiff has 'prevailed' in his suit, because he has obtained the substance of what he sought."); *see also Iron Workers Mid-Am. Pension Fund v. Imperial Glass Structures, Inc.*, No. 92 C 6380, 1993 WL 372203, at *2 (N.D. Ill. Sept. 21, 1993) ("[R]elief by formal judicial decree is not a prerequisite to recovering attorney's fees if the plaintiff obtains some or all of the relief sought.").

Lastly, Defendant argues that the amount of attorney fees and costs requested by Plaintiffs are unreasonable. Under Section 1132(g)(2)(D) Plaintiffs are entitled to "*reasonable attorney's fees and costs*" when they recovery delinquent contributions. *Moriarty v. Svec,* 429 F.3d 710, 717 (7th Cir. 2005) (citing 29 U.S.C. § 1132(g)(2)(D)) (emphasis original). Defendant argues that the fees and costs requested total $5,702.47, nearly fifty times the $118.54 billed delinquency. The Seventh Circuit Court of Appeals has "'rejected the notion that the fees must be calculated proportionally to damages'" where Plaintiffs have recovered the entire amount of the claimed deficiency. *Anderson* 578 F.3d at 545 (citing *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir.1994)) (holding that the district court improperly considered the proportionality of $50,000 attorney fees to collect $5,000 in delinquent contributions). The Seventh Circuit noted that "Congress wants even small violations of certain laws to be checked through private litigation and because litigation is expensive, it is no surprise that the cost to pursue a contested claim will often exceed the amount in controversy." *Id.*

In considering whether the attorney fees and costs are reasonable, the Court examines the hourly rate used and hours billed. *Moriarty v. Svec,* 429 F.3d 710, 717 (7th Cir. 2005). In this case, the billing attorney has a negotiated fee of $200.00 per hour, a rate that she believes is less than the usual and customary fee charged for ERISA collection and litigation. Defendant does not challenge the billing rate, and "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or her services." *Moriarty*, 429 F.3d at 718. Plaintiffs' attorney billed 26.20 hours, for a total of $5,240.00. She also requests costs in the amount of $462.47 for the filing fee, postage, photocopying fees, and mileage. Defendant argues that the fees and costs "are simply unreasonable by any

7

definition" since Defendant was cooperating with the audit and the amount of the delinquency was significantly lower than the fees. The Court finds the 26.20 hours billed well within reason, particularly since the case began in March 2013 and the delinquency was not paid July 2014. The costs are also reasonable since they are mostly comprised of the $400.00 filing fee, with only the remaining $62.47 for postage, photocopying, and mileage reimbursement. *See e.g.*, *Anderson*, 578 F.3d at 546 ("Reasonableness has nothing to do with whether the district court thinks a small claim was 'worth' pursuing at great cost. Fee-shifting statutes remove this normative decision from the court. If a party prevails, and the damages are not nominal, then Congress has already determined that the claim was worth bringing" and the court is limited to determining whether the hours spent were reasonable.). Accordingly, the attorney fees and costs are reasonable and Plaintiff is entitled to recover them under Section 1132(g)(2)(D).

**B.    Section 1121(g)(1) Discretionary Attorney Fee Provision**

To the extent that Plaintiffs argue in their reply that the Court should award attorney fees under ERISA's provision for awarding discretionary attorney fees, the Court need not address this argument as it is awarding fees under the mandatory attorney fees provision.

**CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** the Plaintiffs' Motion for Summary Judgment [DE 18]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiff and against Defendant in the amount of $5,702.47.

SO ORDERED this 22nd day of April, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT